IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL RAY TURNER,<br><br>               Plaintiff,<br><br>   vs.<br><br>JEN MARQUEZ, Cpl., #97052; and ADAM HOUGH, Sgt., #97053;<br><br>               Defendants. | **8:24CV492**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a motion filed by Plaintiff Michael Ray Turner ("Plaintiff") on May 15, 2025 (the "Motion to Amend"), Filing No. 66, seeking to amend his second amended complaint (the "Second Amended Complaint"), Filing No. 64, he filed just the previous day, and two motions to supplement his Second Amended Complaint (the "Motions to Supplement"), Filing Nos. 67 and 68.  Upon review of the Motion to Amend, it is unclear if Plaintiff seeks to supplement his Second Amended Complaint to clarify some of the factual allegations it contains, or if Plaintiff intends to file a third amended complaint which he has not yet filed.   For the following reasons the Motion to Amend and shall be granted to the extent Plaintiff seeks to have this Court consider Filing No. 66 in conjunction with his Second Amended Complaint, Filing No. 64, and Supplement, Filing No. 65.  To the extent Plaintiff seeks to file a third amended complaint, the motion is denied without prejudice to reassertion in accordance with this Memorandum and Order.  The Motions to Supplement shall be granted and the factual allegations and argument contained in the Motions to Supplement, Filing Nos. 67 and 68, will be considered in conjunction with the Second Amended Complaint and shall not be further addressed.

## I. BACKGROUND

In Plaintiff's case, the initial complaint in this matter was filed as a multi-plaintiff complaint. Filing No. 1-1. On December 23, 2024, this Court determined that each plaintiff must proceed individually, Filing No. 55, and a week later Plaintiff was ordered to file an amended complaint addressing only his own claims, Filing No. 56. On January 21, 2025, Plaintiff filed a motion to amend and supplement as well as an amended complaint. *See* Filing Nos. 57 and 58. On April 23, 2025, the Court granted Plaintiff's motion and construed the motion to amend as a supplement to the Amended Complaint and informed Plaintiff that the next step in his case was for the Court to conduct an initial review of Plaintiff's claims as set forth in the Amended Complaint and supplement to determine whether summary dismissal was appropriate. Filing No. 59. Two days later, Plaintiff filed a motion for status, which appears to have been mailed prior to Plaintiff's receipt of this Court's April 23, 2025, Memorandum and Order. *See* Filing No. 60 (stating that he had not received anything from the Court in "90 days").

## II. THE MOTION TO AMEND

In the Motion to Amend currently before this Court, Plaintiff states that he is confused about what has happened since he filed his motion for status because at the time he filed his motion for status he was "under the impression that [he] was in compliance with everything that the courts required." Filing No. 66 at 3. However, as the Court issued an order on May 1, 2025, granting his motion for status and reviewing his Amended Complaint and supplement, which resulted in the dismissal of many of his

2

claims, and ultimately required him to file a second amended complaint, *id.*, it appears that Plaintiff requires some clarification regarding the Court's prior orders.

Plaintiff is correct in that at the time he filed his motion for status he had complied with all court orders. And, just days before the motion for status was filed, the Court had informed Plaintiff that the next stage in his case was for the Court to conduct an initial review of the Amended Complaint and supplement, and that such review would be performed in the Court's normal course of business. See Filing No. 59. As such, at the time Plaintiff's motion for status was filed, he needed only to wait for the Court to review his Amended Complaint and supplement.

However, instead of addressing the motion for status separately, the Court in its May 1, 2025, Memorandum and Order, both supplied Plaintiff with the status of the case and performed its Initial Review of the Amended Complaint and Supplement at Filing Nos. 57 and 58, ultimately finding that some of Plaintiff's claims could not proceed at all, and that other claims might be able to proceed but were deficient as pleaded. Filing No. 61. The Court then gave Plaintiff leave to file a second amended complaint to further clarify and factually support the claims which potentially could proceed if properly supported and informed Plaintiff that this Court would perform another initial review of any second amended complaint he chose to file to determine if any of his claims could proceed. *Id.*

An "initial" review of a complaint is required when a prisoner and/or a party proceeding in forma pauperis seeks relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal of any of the alleged claims is appropriate (the "Initial Review"). See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a

3

frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

However, at the Initial Review stage, a reviewing court is not determining or otherwise admitting evidence or making any findings of fact. Instead, when performing an initial review, a reviewing court <u>must</u> take all factual allegations stated by a plaintiff in his complaint (and, if applicable, supplements) as true, regardless of whether they are supported by documentary evidence. *See Clay v. Rodriquez*, No. 4:19-CV-04066-RAL, 2019 WL 2161814, at *1, n. 1 (D.S.D. May 17, 2019). This is so because the point of an Initial Review is only to determine if Plaintiff alleges facts in his operative complaint, which *if later proven to be true*, could support his claims. As such, to the extent Plaintiff is concerned that in prior orders this Court referenced facts he asserted as "allegations" instead of "evidence," *see* Filing No. 64 at 3, at this stage in the proceedings no findings of fact have been made. Therefore, any references to the facts as stated by Plaintiff as "allegations," or the documents Plaintiff has attached (or references to them) as "evidence," has no bearing on whether a claim is allowed to proceed during Initial Review. To reiterate, at this stage of the proceeding Plaintiff's only concern is to factually support his claims with allegations that *if true* would state a claim, and he need not provide any documents or other potential items of evidentiary value in support at this time.

For example, in his Amended Complaint, Plaintiff alleged several claims relating to his conditions of confinement while housed at the Dakota County Correctional Facility ("DCCF"), *see* Filing No. 57 at 5 (alleging a conditions of confinement claim for being housed with state inmates and unmedically screened inmates), which this Court

construed as arising under the Fourteenth Amendment due to plaintiff's status as a pretrial detainee, see Filing No. 61 at 8–12. The Court then set forth the required elements to state a conditions of confinement claim under the Fourteenth Amendment, which requires a plaintiff to allege that a defendant's actions were: (1) intentionally punitive; (2) not reasonably related to a legitimate governmental purpose; or (3) are excessive to that stated purpose. Id. at 9 (citing Stearns v. Inmate Servs. Corp., et al., 957 F.3d 902 (8th Cir. 2020)). And, the Court noted that to proceed with such a claim, a prisoner must suffer an *actual injury* to state a Fourteenth Amendment claim. See Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008) (emphasis added).

Because Plaintiff's claims were raised against DCCF, and as Plaintiff could not proceed against DCCF as DCCF is not an entity capable of being sued, Plaintiff's Fourteenth Amendment claims were subject to dismissal. But, even if Plaintiff had brought his Fourteenth Amendment claims against a proper defendant, this Court found that Plaintiff failed to plead any facts, which if true, established that he suffered an actual injury from been housed with state inmates or unmedically screened inmates. Instead, Plaintiff alleged that he received threats of harm and had to buy medications, neither of which constitute more than *de minimis* injury, which is not enough, even if true, to support his Fourteenth Amendment claims. See e.g. Cummings v. Malone, 995 F.2d 817, 822–23 (8th Cir.1993); Prater v. Dahm, 89 F.3d 538, 541 (8th Cir.1996). Therefore, if Plaintiff sought to again amend his Fourteenth Amendment claims he must name a defendant

against whom these claims may proceed, supply factual allegations that, if true, would connect the defendant to those claims, and meet the injury requirement as stated above.

Ultimately, as it is unclear to this Court whether Plaintiff seeks to file a third amended complaint or to further supplement his Second Amended Complaint, this Court shall construe Plaintiff's Motion to Amend as a supplement and will consider it along with the Second Amended Complaint and previously filed supplement, Filing Nos. 64 and 65, and the supplements at Filing Nos. 67 and 68, when performing the initial review.  Otherwise, because an amended complaint supersedes an original complaint and renders the prior complaint without legal effect, *see In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (citing *Washer v. Bullitt County,* 110 U.S. 558, 562 (1884)), if Plaintiff genuinely sought to file another amended complaint, Plaintiff would be required to file an entirely new complaint, naming all defendants and claims against them, and providing factual support for all claims alleged as all of his allegations in the Second Amended Complaint and Supplements, Filing Nos. 64, 65, 67 and 68 would no longer be considered by this Court.

While Plaintiff may do so at this stage of the proceedings, to the extent Plaintiff seeks to file a third amended complaint, he must file a new motion along with his proposed third amended complaint, keeping in mind that he must reassert all of his claims against each defendant and provide factual allegations in support of those claims to allow them to proceed past initial review.  Plaintiff must include all of the claims he wishes to pursue against all of the individuals <u>named</u> as defendants in this case <u>without relying upon or incorporating by reference any allegations made in the prior complaints</u>.  Finally, while Plaintiff may incorporate any exhibits he has previously filed by reference in any third

amended complaint he chooses to file,[1] Plaintiff is warned that he may not simply reference the factual allegations in prior complaints and instead must restate them in his third amended complaint in order for them to be considered.

    IT IS THEREFORE ORDERED that:

    1.  Plaintiff's Motion to Amend at Filing No. 66 is granted in part and denied in part. To the extent Plaintiff seeks to have factual allegations and argument contained in the Motion to Amend in conjunction with the Second Amended Complaint, Filing No. 64, and Supplement, Filing No. 65, the motion is granted.  To the extent Plaintiff sought leave to file a third amended complaint or that he intended the Motion to Amend as a third amended complaint, the motion is denied without prejudice to reassertion.

    2.  Plaintiff's Motions to Supplement, Filing Nos. 67 and 68, are granted.  The factual allegations and argument contained in the Motions to Supplement will be considered in conjunction with the Second Amended Complaint.

    3.  If Plaintiff seeks to file a third amended complaint, he may file a new motion to amend and a third amended complaint in compliance with this Memorandum and Order.

    Dated this 22nd day of May, 2025.

                                      BY THE COURT:

                                      Joseph F. Bataillon
                                      Senior United States District Court

---

[1] Plaintiff may do so, for example, by listing all prior exhibits that he wishes to be considered in support of his claims by docket number in his third amended complaint.