IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL RAY TURNER,<br><br>               Plaintiff,<br><br>vs.<br><br>JEN MARQUEZ, Cpl., #97052; ADAM HOUGH, Sgt., #97053; and Lt. Gray.<br><br>               Defendants. | **8:24CV492**<br><br>**MEMORANDUM AND ORDER** |

This matter is before this Court to perform its initial review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether summary dismissal is appropriate.

## I. BACKGROUND

Plaintiff, a pretrial detainee[1] proceeding in forma pauperis,[2] initially filed his Complaint on September 27, 2024, in the Northern District of Iowa as a joint complaint (the "Complaint"), along with four other inmate-plaintiffs who were housed at the Dakota County Jail.[3] Filing No. 5. The matter was transferred to this Court on October 1, 2024. Filing No. 6. Upon initial review of the Complaint (and multiple supplements filed by Plaintiff and several other joint plaintiffs), this Court determined that the parties could not proceed as joint-plaintiffs under Rule 20(a)(1) of the Federal Rules of Civil Procedure because it appeared the claims asserted did not arise out of the same transaction,

---

[1] See Filing No. 61 at 1 (discussing the treatment of Plaintiff as a pretrial detainee for purposes of this suit).

[2] See Filing No. 56 (granting in forma pauperis).

[3] Although Plaintiff uses the "Dakota County Jail" and the Dakota County Correctional Facility interchangeably, this Court shall refer to the referenced institution as "DCC" (Dakota County Corrections) for the remainder of this Memorandum and Order.

occurrence, or series of transactions or occurrences. Filing No. 55 at 6–8. As a result, this Court determined that each of the joint plaintiffs must proceed individually, severing their claims into separate cases. Filing No. 55 at 10.

The Court also determined that while the Complaint (and supplements) contained claims alleging denial of access to the courts, cruel and unusual punishment, due process violations, deliberate indifference to medical needs, and liberty violations, the Complaint did not contain sufficient factual allegations to support each claim and/or it was not possible for this Court to determine which factual allegations related to each individual plaintiff. Filing No. 55 at 8–9. As a result of the Court's review of the claims in the Complaint, Plaintiff was ordered to file an amended complaint. Filing No. 56 at 5. In compliance, on January 21, 2025, and January 22, 2025, Plaintiff filed a motion to amend and supplement to his amended complaint, Filing No. 57, and an Amended Complaint (the "Amended Complaint"), Filing No. 58.

This Court then performed its initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, finding that his claims against the DCC could not proceed and the DCC must be dismissed from the suit with prejudice and that his remaining claims were subject to dismissal, but in lieu of dismissal Plaintiff was granted leave to file a second amended complaint. Filing No. 61. In compliance, Plaintiff filed his second amended complaint, Filing No. 64, and five supplements, Filing Nos. 65, 66, 67, 68, 70, & 71 (collectively the "Second Amended Complaint").

For the reasons set forth below, the Court finds that the Second Amended Complaint states a claim upon which relief may be granted and may proceed to service of process.

## II. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff brings suit under 42 U.S.C. § 1983, alleging that defendants Cpl. Marquez ("Marquez") and Sgt. Adam Hough ("Hough"), in their individual capacities, and Lt. Gray, in an unstated capacity, as employees of the DCC denied him access to federal law facilities or adequate assistance from someone trained in the law.  Filing No. 64 at 2-3; Filing No. 71 at 1.

Specifically, Plaintiff alleges that after he was convicted and sentenced on state charges in Iowa state court, he was transferred to DCC on September 2, 2024, where he was held as a pretrial detainee while he awaited trial on pending federal charges relating to unlawful transport of firearms.[4]  Filing No. 64 at 4; Filing No. 66 at 1.  Plaintiff alleges that he had court appointed counsel in his federal case, but his counsel was "relieved of his duties" on October 9, 2024, and that he has been proceeding pro se ever since.  Filing No. 66 at 2, 4; Filing No. 67 at 1, 3-4.

While being held at DCC, on September 5, 2024, Plaintiff requested access to a federal law library and/or federal legal books to assist in defending himself and was denied by both Hough and Marquez.  Filing No. 64 at 4; Filing No. 66 at 2.  Plaintiff alleges that he continued to ask for federal law library access multiple times after September 5 over the course of the next six months both by Hough and Marquez, but his requests were always denied because DCC does not have federal legal materials.  Filing No. 64 at 4, 7; Filing No. 66 at 2.  On May 12, 2025, Plaintiff again requested legal materials and Gray responded stating "[p]er the US Marshalls, we provide the necessary legal

---

[4] Plaintiff submits any federal sentence was to run concurrently with his state sentence, which was discharged on February 22, 2025.  Filing No. 66 at 1.

3

information. Anything more is your responsibility." Filing No. 70 at 2, 4. In lieu of providing legal materials, Plaintiff was continually told to contact his attorney. Filing No. 64 at 7.

Plaintiff contends that he has been through the entire institutional grievance process multiple times to no avail, and that trying to follow the chain of command to obtain access to someone in the prison system who will respond to his grievances is futile because the officers use the "onion protection clause" to avoid responsibility by blaming other institutional personnel for the lack of adequate response/action.[5] *Id.* at 4-5, 7-8.

Because of the continual denial of access to a law library, Plaintiff alleges that he was unable to collaterally or directly attack his non-frivolous legal claim and instead was "forced to take a plea that [he] most certainly did not agree with." *Id.* at 5. He further alleges as a result he suffers from emotional distress, family strain, loss of monetary funds, depression, anxiety, and insomnia as well as a loss of time and liberty. *Id.* Plaintiff seeks $100,000 in "punitive damages." Filing No. 64 at 5; Filing No. 66 at 5.

### III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."

---

[5] Plaintiff submitted copies of grievances he filed while at DCC requesting access to federal library books to support his Second Amended Complaint. *See* Filing No. 65; Filing No. 68 at 2; Filing No. 71 at 4.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## IV. DISCUSSION

In this Court's previous initial review addressing Plaintiff's claim regarding alleged denial of access to federal legal materials, the Court found that his claim was potentially viable but required Plaintiff to address the following deficiencies: (1) whether Plaintiff had counsel when he was denied access to legal materials; (2) which specific defendants denied him access; and (3) whether Plaintiff alleged DCC did not have a law library of any kind or if his allegations were specifically related to a lack of federal legal materials. Filing No. 63 at 12-13. As Plaintiff has now clarified that he did not have counsel when the requests at issue were made, the specific names of the defendants who denied him access, and that his claim relates to a lack of federal legal materials only, his claim against all defendants in their individual capacities may proceed.

However, to the extent Plaintiff intends to bring suit against Gray in both his individual and official capacity, any official capacity claim against Gray fails for the same reason previously stated in this Court's previous initial review. See *Id.* at 8.

IT IS THEREFORE ORDERED:

1. Plaintiff's claim alleging denial of access to federal legal materials against all defendants in their individual capacities may proceed.

2. Any claim against defendant Gray in his official capacity is dismissed without prejudice.

3. For service of process on defendants Jen Marquez, Adam Hough, and Lt. Gray in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such defendants using the address "Dakota County Corrections, 1601 Broadway Street, Dakota City, NE 68731," and forward them together with a copy of the Second Amended Complaint, Filing Nos. 64, 65, 66, 67, 68, 70, & 71, and a copy of this Memorandum and Order to the United States Marshals Service.

4. The United States Marshals Service shall serve defendants Jen Marquez, Adam Hough, and Lt. Gray in their individual capacities by certified mail or other authorized method of service at the Dakota County Corrections' address shown above. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[6]

---

[6] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. Wright v. First Student, Inc., 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d)

6.     Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7.     Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of Court is directed to set a case management deadline in this case with the following text: **March 19, 2026**: service of process to be completed.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 19th day of December, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

is compulsory).  See also Beyer v. Pulaski County Jail, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).