IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL RAY TURNER,<br><br>                    Plaintiff,<br><br>          vs.<br><br>JEN MARQUEZ, Cpl., #97052, in her individual capacity; ADAM HOUGH, Sgt., #97053, in his individual capacity; and GRAY, Lt., in his individual capacity;<br><br>                    Defendants. | **8:24CV492**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for case management.  On December 19, 2025, the Court entered a Memorandum and Order, Filing No. 77, authorizing service of process. On January 16, 2026, the summons issued to Defendants Sgt. Adam Hough and Lt. Gray at the address for Dakota County Corrections were returned unexecuted. Filing No. 80; Filing No. 81. Upon further investigation, it appears neither Sgt. Adam Hough nor Lt. Gray are currently employed by Dakota County Corrections. Accordingly, IT IS ORDERED that:

1.      The Clerk of Court is directed to obtain the last known addresses for Defendants Sgt. Adam Hough and Lt. Gray from the Marshals Service for service of process on them in their individual capacities.

2.      Upon obtaining the necessary addresses, the Clerk of Court is directed to complete and issue summonses for Defendants Sgt. Adam Hough and Lt. Gray in their individual capacities at the addresses provided by the Marshals Service. The Clerk of Court is further directed to deliver the summonses, the necessary USM-285 Forms, the Second Amended Complaint, Filing No. 64, its supplements, Filing Nos. 65, 66, 67, 68,

70, & 71, and a copy of the Court's December 19, 2025, Memorandum and Order, Filing No. 77, and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendants Sgt. Adam Hough and Lt. Gray in their individual capacities. Service may be accomplished by certified mail, designated delivery service, or any other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[1]

3.    For service by certified mail or designated delivery service, the Marshals Service shall send the summons to Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

4.    The Clerk of Court is directed to file under seal any document containing the last known personal addresses for Defendants Sgt. Adam Hough and Lt. Gray.

5.    The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

Dated this 30th day of January, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).