IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL RAY TURNER,<br><br>Plaintiff,<br><br>vs.<br><br>JEN MARQUEZ, Cpl., #97052, in her individual capacity; ADAM HOUGH, Sgt., #97053, in his individual capacity; and GRAY, Lt., in his individual capacity;<br><br>Defendants. | 8:24CV492<br><br>MEMORANDUM AND ORDER |

This matter is before the Court for case management. On January 30, 2026, the Court directed the Clerk of Court to obtain the last known addresses for Defendants Sgt. Adam Hough and Lt. Gray from the Marshals Service for service of process on them in their individual capacities. Filing No. 85. The Clerk of Court has notified the Court that the Marshals Service is unable to locate Lt. Gray without more information, such as a first name. Upon the Court's own investigation, it appears Lt. Gray's full name is Lt. Jonathan Gray. Accordingly,

IT IS ORDERED that:

1.     The Clerk of Court is directed to update the caption to identify Defendant Lt. Gray as "Jonathan Gray, Lt., in his individual capacity."

2.     The Clerk of Court is further directed to obtain the last known address for Defendant Lt. Jonathan Gray from the Marshals Service for service of process on him in his individual capacity.

3.     Upon obtaining the necessary addresses, the Clerk of Court is directed to complete and issue summons for Defendant Lt. Jonathan Gray in his individual capacity

at the address provided by the Marshals Service.  The Clerk of Court is further directed to deliver the summons, the necessary USM-285 Form, the Second Amended Complaint, Filing No. 64, its supplements, Filing Nos. 65, 66, 67, 68, 70, & 71, a copy of the Court's December 19, 2025, Memorandum and Order, Filing No. 77, and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendant Lt. Jonathan Gray in his individual capacity.  Service may be accomplished by certified mail, designated delivery service, or any other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[1]

4.    For service by certified mail or designated delivery service, the Marshals Service shall send the summons to Defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service.  *See* Neb. Rev. Stat. § 25-505.01(1).

5.    The Clerk of Court is directed to file under seal any document containing the last known personal address for Defendant Lt. Jonathan Gray.

6.    The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Dated this 2nd day of February, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge