IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL RAY TURNER,<br><br>Plaintiff,<br><br>vs.<br><br>JEN MARQUEZ, Cpl., #97052, in her individual capacity; ADAM HOUGH, Sgt., #97053, in his individual capacity; and JONATHAN GRAY, Lt., in his individual capacity;<br><br>Defendants. | **8:24CV492**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a letter from Adam Hough ("Hough"), in which he states he received a summons in this case, but denies that he is the "Adam Hough that is in the documents" and that he ever worked at the Dakota County Correctional Facility. Filing No. 90. Rather, Hough states he has "worked for the American Red Cross for the past 10 years," and he asks the Court to advise him "what further documentation [he] may provide to substantiate [his] claim, and get this summons rescinded." *Id*. Upon consideration, the Court will liberally construe Hough's letter as a motion to dismiss and will require Hough to show cause within 30 days why he should be dismissed from this case.

To be clear, Hough needs to submit evidence to support his statements that he is not the named defendant "Adam Hough, Sgt., #97053," and that he has not worked at the Dakota County Correctional Facility but rather has worked for the American Red Cross for the last ten years. Whatever evidence Hough submits to support his claims

must be properly authenticated with an affidavit as required by the Court's local rules, which provide in relevant part:

> (C)    Required Affidavit.
>
> An affidavit must identify and authenticate any documents offered as evidence.  The affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated, and identify the related motion.  Evidentiary materials authenticated by the affidavit must be filed separately in accordance with NECivR 7.1[(a)](2)(B), and may not be filed in the same document as the affidavit. . . .

NECivR 7.1(a)(2)(C).    So, as an example, Hough could provide a letter from his employer or payroll records showing his employment, along with his own affidavit and/or an affidavit from his employer identifying and authenticating the documents he submits and setting forth any other relevant facts within the affiant's knowledge.

Failure to comply with this Memorandum and Order within the time allowed will result in denial of Hough's motion to dismiss.

IT IS THEREFORE ORDERED that:

1.    The Court liberally construes Hough's letter filed on February 13, 2026, Filing No. 90, as a motion to dismiss.

2.    Hough shall have until **March 23, 2026**, to show cause why he should be dismissed from this case by submitting an affidavit and evidence of his employment and/or identity.  Failure to respond to, and comply with, this Memorandum and Order by March 19, 2026, will result in denial of Hough's motion to dismiss.

3.    The Clerk of Court is directed to set a pro se case management deadline using the following text: **March 23, 2026**: check for Hough's response to show cause order.

Dated this 19th day of February, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge